UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTHONY TAYLOR, )
)
    Petitioner, )
)
vs. ) Case No: 4:13CV1149HEA
)
IAN WALLACE, )
)
    Respondent.

# **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1]. Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. 10], on August 23, 2013. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted, as will be discussed in further detail. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

**Procedural Background**

On June 14, 2010, Petitioner plead guilty to two counts of first degree assault of a law officer in violation of section 565.081 RSMo. 2000 and two counts of armed criminal action in violation of section 571.015 RSMo. 2000. On August 5, 2010, Petitioner was sentenced by the Circuit Court of the City of St. Louis, to terms of 25 years' imprisonment for each count, with the sentences to run concurrently. Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his motion for post-conviction relief relative to the case on May 13, 2011. A timely amended motion for post-conviction was filed on November 21, 2011. On December 12, 2011 the Missouri state trial court entered findings of fact and conclusions of law denying the post-conviction relief motion of Mr. Taylor. Plaintiff/Movant, thereafter, filed a timely notice of appeal to the Missouri Court of Appeals. The Missouri Court of Appeals, *ED97971* (November 20, 2012), affirmed the ruling of the trial court and rejected Petitioner's claims.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on June 11, 2013. Petitioner alleges that: 1) trial counsel was ineffective in promising him a 10 year sentence; 2) the judgment of conviction or sentence imposed violates the constitution or laws of this state; 3) he entered a plea because

of a coerced confession and "the court was actual prejudice"; and 4) "due process rights of law violated to present a defense, a jury trial and against self-incrimination."

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached

> by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court

precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Discussion

Petitioner alleges that trial counsel was ineffective in promising him a 10 year sentence. He states in support that "defense counsel misled [him] by not giving [him] adequate defense not protecting [his] constitutional rights." Taylor asserted this claim in his motion for post-conviction relief which was denied on the merits by the St. Louis City Circuit Court. He raised the claim again in the appeal of the denial of post-conviction relief, and the Court of Appeals, Eastern District of Missouri, denied it on the merits.

The decisions of the Circuit Court for the City of St. Louis and the Appeals court for the Eastern District of Missouri are fully supported by the record. Petitioner stated several times on the record that he was not promised any particular sentence. He has not shown that his attorney promised him anything. The record demonstrates without equivocation that he in fact refuted that claim himself. He plainly stated that he understood that no one could make a promise

5

about sentencing, that any promise in any event would not be binding on the court, and that his sentence was entirely up to the court, which had not made a promise. Movant also stated that he understood that a SAR would be made that would be a factor in his sentencing, and that he understood the range of punishment for the charges, which the State had set forth, and that he understood that the maximum possible sentence was four consecutive life sentences.

Petitioner has not shown that his attorney promised him anything. As noted, he refuted that claim himself. It cannot be said that his attorney's representation fell below an objective standard of reasonableness. Both courts properly applied *Strickland*, and both courts' analyses were not contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

In Ground 2 Petitioner alleges that the judgment of conviction or sentence imposed violates the constitution or laws of this state of Missouri. He specifically notes, "under the circumstances [his] plea was an involuntary plea which violated [his] rights to the equal protection of the laws and therefore leaves excessive punishment." He fails to allege any facts in support of the claim. He fails to set forth *why* his plea was involuntary. Pursuant to 28 U.S.C. § 2254 Rule 2(c) the petitioner is required to specify all the grounds for relief available and state the facts supporting each ground. *See Hill v. Lockhart,* 474 U.S. 52, 60 (1985) (court did not err in denying hearing when federal habeas petitioner failed to allege

sufficient facts to support his ground for relief). Here, Petitioner has neither specified the grounds for relief available to him nor facts to support those grounds. The Ground fails.

The allegation set out in Ground 3 of his petition is that he entered a plea because of a coerced confession and "the court was actual prejudice." He alleges that "there was a conflict of interest with the prosecutor in this case. The court was bias and prejudice. The laws sentenced under these circumstances creates a serious hardship and an injustice." Again, he fails to assert anything remotely resembling facts in support of the claim in Ground 3.

He does not state facts that would show that the court was unduly bias against him, that his confession was coerced in any way, or that the prosecutor acted unreasonably. Without facts to show why these circumstances were *unfair* in some way to Taylor, he has not pleaded claims sufficient to warrant a writ of federal habeas corpus under Rule 2(c). As such, Ground 3 fails.

In his last claim for relief, Ground 4 of his petition, he asserts "due process rights of law violated to present a defense, a jury trial and against self-incrimination." He points to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, 18(a), 19, and 22(a) of the Missouri Constitution as his factual support. As with Grounds 2 and 3 no facts are alleged in support of the conclusions he makes. Merely referencing, or citing,

7

Constitutional provisions is insufficient to meet the pleading requirement of 28 U.S.C. § 2254 Rule 2(c). Ground 4 necessarily fails under the Court's analysis.

The Court would here note that On September 6, 2013 Petitioner filed a Supplemental Petition for Writ of Habeas Corpus [Doc. 10]. Respondents did not respond. The filing of same and the review of the document by the Court is reflected in the Opinion of the court set out above. Petitioner has still not set out facts which might entitle him to relief.

## Conclusion

The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. The federal statute governing certificates of Appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further

proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 7th day of July, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE